# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

==========================

## ON MOTION FOR REHEARING

==========================

## NO. 03-05-00277-CR

**Ex parte Thomas Retzlaff**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 47,846-A, HONORABLE JOE CARROLL, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment dated December 5, 2006, and substitute the following.

Thomas Retzlaff, acting pro se, applied for habeas corpus relief from a judgment of conviction ordering community supervision. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). The writ issued by operation of law, and the trial court subsequently denied relief in a written order. *See id*. art. 11.072, §§ 4(a), 6. This appeal followed. *See id*. § 8. We will affirm the order in part, and reverse and render in part.

In August 1997, Retzlaff pleaded guilty to tampering with or fabricating physical evidence. *See* Tex. Penal Code Ann. § 37.09 (West 2003).[1] The trial court deferred adjudication and placed Retzlaff on community supervision as called for in a plea bargain agreement. In March 1998, the court adjudged Retzlaff guilty and sentenced him to ten years' imprisonment and a $10,000 fine. The court suspended imposition of sentence and returned Retzlaff to community supervision for ten years. Retzlaff filed a motion to modify the conditions of supervision in October 1998, but the court took no action on the motion. He filed an amended motion to modify the supervisory conditions in July 2004. The record reflects that the court took this motion under advisement, but did not rule. Retzlaff filed his article 11.072 application in January 2005.

Enacted in 2003, article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1. At the time the application is filed, the applicant must be, or have been, on community supervision, and the application must challenge the legal validity of the conditions of community supervision or of the conviction or order in which community supervision was imposed. *Id*. § 2(b). Article 11.072 may be used to challenge a condition of community supervision on

---

[1] The information alleged that Retzlaff, knowing that an investigation of the theft of books from the Bell County law library was in progress, made, presented, and used a false book check-out slip with knowledge of its falsity and with the intent to affect the course and outcome of the investigation. It appears that Retzlaff, a prolific pro se litigator, was suspected of stealing books from the library.

constitutional grounds only, and the applicant must first attempt to gain relief by filing a motion to amend the conditions of supervision. *Id*. § 3(b), (c).[2]

In his habeas corpus application, Retzlaff challenged thirty-two of the forty-six conditions of his supervision. As it is in any habeas corpus proceeding, the burden was on Retzlaff to prove his claims by a preponderance of the evidence. *Ex parte Peterson*, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003). The trial court denied relief without conducting a hearing. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 6. In reviewing the order, we defer to the trial court's determinations of historical facts that the record supports. *Peterson*, 117 S.W.3d at 819. We conduct a de novo review of mixed questions of law and fact that do not depend on credibility and demeanor. *Id*.

---

[2] An application may not be filed pursuant to article 11.072 "if the applicant could obtain the requested relief by means of an appeal." Tex. Code Crim. Proc. Ann. art. 11.072, § 3(a) (West 2005). Section 3(a) clearly prohibits the use of article 11.072 when relief by appeal is available at the time the petition is filed. One court of appeals has construed section 3(a) also to prohibit the use of article 11.072 to challenge a condition of supervision if the challenge could have been made on appeal from the conviction. *Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.). This is in accord with the general rule that habeas corpus cannot be used as a substitute for appeal, and that it may not be used to bring claims—even constitutional claims—that could have been brought on appeal. *Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004); *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *see Ex parte Clore*, 690 S.W.2d 899, 900 (Tex. Crim. App. 1985) (appropriate remedy to challenge condition of probation is by appeal from conviction). Assuming without deciding that this is the correct interpretation of section 3(a), it does not apply here because, under the appellate rules as they were then interpreted by the court of criminal appeals, Retzlaff had no right of appeal regarding the conditions of his supervision following either the 1997 order deferring adjudication or the 1998 judgment of conviction. *See Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994); *Watson v. State*, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996). We also note that the court of criminal appeals has stated, albeit in an unpublished opinion having no precedential value, that challenges to conditions of community supervision must now be made pursuant to article 11.072 and that relief via direct appeal is not available. *Beauchamp v. State*, No. 254-03, 2004 WL 3093227 (Tex. Crim. App. Sept. 22, 2004) (not designated for publication).

In his second point of error, Retzlaff challenges the conditions of supervision as a whole on the ground that he was not given proper notice.[3] Retzlaff did not raise this contention in his writ application and, therefore, nothing is presented for review. Point of error two is overruled.

In point of error one, Retzlaff contends that the trial court erred by overruling his challenges to eighteen specific supervisory conditions. Retzlaff's principal argument is that the imposition of each condition was an abuse of discretion because the condition has no relationship to the crime for which he was convicted, relates to conduct that is not in itself criminal, and is not reasonably related to his future criminality or does not serve the statutory ends of probation. *See Marcum v. State*, 983 S.W.2d 762, 768 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). As previously noted, however, a condition of supervision may be challenged under article 11.072 only on constitutional grounds. Tex. Code Crim. Proc. Ann. art. 11.072, § 3(c). This requires more than a mere showing that the court abused its discretion. Retzlaff must demonstrate that the challenged condition violates a specific constitutional right or guarantee.

**Fines and fees.** Retzlaff asserts that the trial court did not consider his ability to pay as required by the probation statute, and thereby denied him due process of law, before ordering him to pay court costs (condition 11), a supervision fee (condition 13), a fine (condition 14), and a substance abuse testing fee (condition 18). *See id*. art. 42.12, § 11(b) (West Supp. 2006). The trial

---

[3] Retzlaff states the issue as follows: "Can a trial court impose conditions of community supervision upon a probationer that the probationer did not ever agree to or even know about?"

court found in its order that Retzlaff's ability to pay was considered before these conditions were imposed, but Retzlaff responds that there is no evidence of such consideration in the record.[4]

Although Retzlaff challenged condition 18 in his writ application, he did not do so on the ground he now asserts. Moreover, while a procedural error or statutory violation might be reversible error on direct appeal, it is not a constitutional error that requires relief on a writ of habeas corpus. *Ex parte McCain*, 67 S.W.3d 204, 209-10 (Tex. Crim. App. 2002). The failure to adhere to statutory procedures serving to protect a constitutional right violates the statute, not the constitution itself. *Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002). The trial court's alleged failure to comply with article 42.12, section 11(b), even if true, was a statutory violation that cannot be asserted to challenge the conditions of supervision in this article 11.072 proceeding. Tex. Code Crim. Proc. Ann. art. 11.072, § 3(c).

**Stay-away.** Conditions 36 and 37 prohibit Retzlaff from directly or indirectly contacting or communicating with certain named individuals, living in the same residence with these individuals, or going within four hundred yards of locations frequented by these individuals. As to each person, Retzlaff asserts that there is no basis in the record for concluding that the condition is relevant to the crime for which he was convicted, is designed to prevent future criminality, or serves

---

[4] The record before us includes the reporter's record from the August 20 and 29, 1997, proceedings at which Retzlaff pleaded guilty and was placed on deferred adjudication community supervision, and from the March 18, 1998, hearing at which he was adjudged guilty. The record does not contain the March 26, 1998, hearing at which sentence was suspended and Retzlaff was ordered back to community supervision. We are advised that the reporter's notes from this hearing have been lost or destroyed. Retzlaff does not complain of this in his brief, and the absence of the record of this hearing has not affected our consideration of the appeal. Retzlaff's motion to abate the appeal for a hearing regarding the lost record is overruled.

the statutory ends of probation. *See Marcum*, 983 S.W.2d at 768. This is an abuse of discretion challenge, not a constitutional one. Retzlaff's other arguments regarding these conditions were not raised in the writ application and were not preserved for appeal.

**Litigation.** Condition 39 prohibits Retzlaff from threatening to file and condition 40 prohibits Retzlaff from filing pro se civil litigation without first demonstrating to the trial court that such litigation would not be frivolous within the meaning of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 9.001-10.006 (West 2002). In its order denying relief, the trial court wrote that there is evidence Retzlaff "sought to use litigation as a weapon, and these conditions were imposed to curb these tendencies." The court added that the conditions do not prevent Retzlaff from defending himself if sued or prohibit Retzlaff from filing meritorious lawsuits. In addition to urging that these conditions are an abuse of the court's discretion, Retzlaff asserts that the conditions violate his freedom of speech, deny him meaningful access to the courts, and constitute outlawry.

A condition of supervision is not necessarily invalid because it interferes with the exercise of a constitutional right. *Ex parte Alakayi*, 102 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). A condition that intrudes on a probationer's constitutional rights will be upheld if it bears a reasonable relationship to the purposes of community supervision or the legitimate needs of law enforcement. *Id*.

Condition 39 constitutes a prior restraint on Retzlaff's First Amendment freedom of speech. Prior restraints are strongly disfavored, and will be upheld against constitutional attack only in exceptional cases; for example, to prevent the publication of information about troop movements

during wartime or to prohibit incitement to acts of violence. *See Near v. Minnesota*, 283 U.S. 697, 716 (1931). Condition 39 bears a tenuous connection at best to the offense for which Retzlaff is on probation. The perceived need to curb Retzlaff's tendency to use litigation as a weapon can be accomplished without the extraordinary imposition of a prior restraint on his freedom of speech. We will, therefore, sustain Retzlaff's challenge to condition 39 and reverse the trial court's denial of relief.

Turning to condition 40, Retzlaff cites no authority holding that the filing of a lawsuit is an expressive activity protected by the free speech clauses. *See* U.S. Const. amend. I; Tex. Const. art. I, § 8. It has been held that there is no constitutionally protected right to file or pursue frivolous or malicious litigation. *Hicks v. Brysch*, 989 F. Supp. 797, 822 (W.D. Tex. 1997). We are unpersuaded that condition 40 constitutes a prior restraint on Retzlaff's freedom of speech and expression.

The Texas Constitution provides that "[n]o citizen shall be outlawed." Tex. Const. art. I, § 20. Outlawry, in the English common law, was the withdrawal by civil society of all legal rights and protection from one of its offending members. *Id*. interp. commentary (West 1997). Article I, section 20 "was intended to prohibit the state only from . . . denying a citizen *all* legal rights." *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 499 (Tex 1995). We conclude that condition 40 does not constitute outlawry.

The Texas Constitution guarantees that "[a]ll courts shall be open, and every person for an injury done him . . . shall have remedy by due course of law." Tex. Const. art. I, § 13. Under this provision, the courts must actually be open and operating, citizens must have access to the courts

7

unimpeded by unreasonable financial barriers, and the legislature may not abrogate the right to assert a well-established common law cause of action. *Leonard v. Abbott*, 171 S.W.3d 451, 457 (Tex. App.—Austin 2005, pet. denied). To establish an open courts violation, it must be shown that the litigant has a cognizable common law cause of action being restricted by a statute, and that the restriction is unreasonable or arbitrary when balanced against the purpose of the statute. *Id*. Because Retzlaff does not challenge a legislative act that abridges a cognizable common law claim, his open courts challenge is without merit. *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 410 (Tex. 1997).

Retzlaff also asserts that condition 40 abridges his constitutional right to meaningful access to the courts, citing *Bounds v. Smith*, 430 U.S. 817 (1977). *Bounds* held that "the fundamental right of access to the courts" requires prison authorities to provide inmates adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. at 828. This holding grew out of earlier cases recognizing that prisoners have "a right to bring to court a grievance that the inmate wishe[s] to present." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). This right is limited to direct appeals from the convictions for which the prisoner is incarcerated, habeas corpus petitions, and civil rights actions to vindicate basic constitutional rights. *Id*. The challenged condition of supervision does not violate the right of access to the courts recognized in the *Bounds* line of cases.

Finally, in his motion for rehearing, Retzlaff urges for the first time that condition 40 violates his First Amendment right to petition the government for a redress of grievances. Because this contention was not presented to the trial court in the habeas corpus petition, it was not preserved for appeal.

8

**Adultery.** Condition 41 prohibits Retzlaff from "knowingly engag[ing] in any adulterous relationships at any time with anyone." Retzlaff complains that this condition is "silly" and "unenforceable," and he states that he "has absolutely no intention of obeying this bogus probation condition." Retzlaff asserts that the condition is unconstitutional, but he offers no argument in support of this assertion. None of Retzlaff's arguments are cognizable under article 11.072.

**Lawyer.** Condition 38 prohibits Retzlaff from holding himself out as a lawyer, attorney, or legal advisor at any time. Retzlaff argues that under the First Amendment, he "can call himself whatever he wants" so long as it is not done fraudulently or for financial gain. We note that falsely holding oneself out as a lawyer is a crime. *See* Tex. Penal Code Ann. § 38.122 (West 2003). Retzlaff cites no authority for his assertion that such conduct is constitutionally protected.

**Contact with wife.** Conditions 25 and 26 prohibit Retzlaff from contacting, communicating with, or going within 400 yards of the residence of Denise Retzlaff, his wife at the time the condition was imposed. Retzlaff concedes that these conditions were reasonable when imposed, but he asserts that "circumstances have changed." Specifically, he asserts that he and his now former wife "have fully and completely reconciled." Retzlaff's argument does not present a constitutional challenge to these conditions.

**Alcohol and injurious habits.** Condition 2 orders Retzlaff to "[a]void injurious or vicious habits and abstain from the use of narcotic drugs in any form; not use alcoholic beverages." *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a)(2) (West Supp. 2006). Retzlaff argues that the phrase "avoid injurious or vicious habits" is unconstitutionally vague. Any vagueness was

9

cured, however, by the reference to narcotics and alcoholic beverages in the same condition. *See Flores v. State*, 513 S.W.2d 66, 68-69 (Tex. Crim. App. 1974).

Alcoholic beverages are also the subject of condition 32, which orders Retzlaff "not to consume, transport, purchase, trade for, own or possess any alcoholic beverage at any time or any place." Retzlaff complains that this condition is unreasonable because he was not shown to be an alcoholic and because it limits his opportunities for employment. Once again, however, article 11.072 only permits constitutional challenges to the conditions of supervision.

**Truthfulness.** Condition 28 requires Retzlaff to give truthful information to his probation officer. He contends that this violates his Fifth Amendment privilege against self-incrimination. We disagree. Condition 28 does not prohibit Retzlaff from declining to give incriminating information; it merely prohibits him from giving false information.

**Firearms.** Condition 31 prohibits Retzlaff from residing in a home where any firearm or ammunition is kept. He complains that this condition is vague because "reside" is not defined. He did not make this argument in his writ application. In any event, we believe that a person of ordinary intelligence, applying the commonly understood meaning of the word, would understand this condition's requirements.

**Medical treatment.** Condition 34 requires Retzlaff to attend and pay for any psychological evaluation and treatment arranged by his supervision officer, and to make the results of any evaluation or treatment available to the officer. Condition 35 requires Retzlaff to take the medications prescribed by any treating physician. Retzlaff argues that these conditions are an abuse of discretion because he was not shown to need medical treatment and cannot afford it, they do not

serve the purposes of probation, and they violate doctor-patient confidentiality.  None of these arguments is a constitutional challenge to the conditions.

The motion for rehearing and the motion for en banc reconsideration are overruled. We sustain Retzlaff's challenge to the validity of supervisory condition 39, overrule the district court's order denying relief as to that condition, and order the condition struck.  The district court's order is affirmed in all other respects.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton;
        Concurring and Dissenting Opinion by Justice Pemberton

Affirmed in part; Reversed and Rendered in part on Motion for Rehearing

Filed:   May 15, 2007

Do Not Publish