Carl PAYNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 57358.

Court of Criminal Appeals of Texas,
Panel No. 3.

April 25, 1979.

Barrett W. Stetson and Richard Anderson, Dallas, for appellant.

Henry M. Wade, Dist. Atty. and Maridell Templeton, Rick Russell and Sam Longoria, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for misdemeanor theft; punishment was assessed at 300 days in jail.

In his first ground of error appellant contends statements made to his probation officer and the stolen tape player that was recovered as a result of that conversation should have been excluded because the statement was made while in custody and without benefit of warnings of his constitutional rights, in violation of Art. 38.22, V.A.C.C.P., and his state and federal constitutional rights.

The record reflects that on the afternoon of April 19, 1977, appellant arrived at the probation office for his monthly report to James Gilliam, his probation officer. Gilliam testified that he had received a phone call from a neighbor of appellant's

brother, who complained that appellant was seeing her fourteen year old daughter, and who also reported that appellant had been bragging about having stolen a tape player from White's Auto Store. When appellant arrived for his monthly report, Gilliam and another probation officer met with him in a private office to counsel him about his relationship with the fourteen year old girl. During this session a third probation officer arrived. After about fifteen minutes of counseling on this matter, Gilliam said, "What about the tape player." Appellant looked surprised and subsequently admitted that he had stolen a tape player from White's Auto Store on April 16, three days before this meeting.[1] On directions from Gilliam, appellant went to his car and brought the stolen tape player back to the probation office. The police were then called, and when they arrived appellant was arrested and the stolen property was turned over to officer Harris.

Appellant relies on *Creeks v. State*, Tex. Cr.App., 542 S.W.2d 849, to support his argument that he was being subjected to custodial interrogation by Gilliam. In that case the Court wrote:

"Custodial interrogation was defined in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), as 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' And such custodial interrogation is not limited to police station house interrogation. *Mathis v. United States*, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968); *Orozco v. Texas*, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969).

"In *Ancira v. State*, 516 S.W.2d 924 (Tex.Cr.App.1974), this court cited with approval *United States v. Phelps*, 443 F.2d 246 (5th Cir. 1971), where it was stated:

"'. . . [w]e have noted several significant factors which should be considered in determining whether or not a defendant is in custody. For example, probable cause to arrest, subjective intent of the police, focus of the investigation, and subjective belief of the defendant have all been deemed relevant.'

"In light of the record before us it is clear that while the probation officer Storey may not have formally arrested the appellant, the appellant was in fact detained while awaiting the arrival of the arresting officers and was deprived of his freedom of action in a significant way. The record reflects appellant's understanding of his situation as he asked and was permitted to call his attorney to whom he was talking when the arresting officers arrived. Prior thereto, he had made the incriminating statement to Storey without any warnings being given."

Unlike *Creeks*, appellant here was not being detained for the arresting officer when he admitted the theft and turned in the stolen property. The police were first called after he gave the tape player to Gilliam. Also in *Creeks*, unlike here, a motion to revoke probation had been filed and an arrest warrant issued before the questioning. Looking to the significant factors listed in the quote from *United States v. Phelps* set out in *Creeks v. State*, as quoted above, we observe that no probable cause for appellant's arrest existed at the time of the interview because the information Gilliam had received was vague, unverified and apparently multiple hearsay; there was no apparent intent to arrest in that the interview was part of the regular monthly probationary report process and Gilliam was not a peace officer; the focus was naturally on appellant, but this fact does not distinguish the situation from every other probationer interview; there was no evidence that appellant believed himself to be under

---

1. Gilliam in turn was surprised to learn this because he thought the theft had been in late March or early April. It developed that a friend of appellant had stolen another tape player on the earlier date.

arrest, and in fact he was sent to retrieve the tape player from his car unaccompanied by Gilliam or any other probation officer. In accord with *Cunningham v. State*, 488 S.W.2d 117, we conclude that appellant was not subjected to custodial interrogation, and it was not error to admit his statement and the tape player into evidence.

In his second ground of error, appellant contends the evidence is insufficient to prove ownership as alleged in the manager of White's Auto Store. Appellant's statement admitted that he had taken the tape player from the store, and the manager's testimony from business records identified the tape player that had been turned over to officer Harris from its serial number as one that had been the property of his store. We find this evidence sufficient to prove ownership.

The ground of error is overruled.

The judgment is affirmed.