**Marques Kelvin POTTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–85–675–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 3, 1986.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Linda A. West and Elaine Bratton, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a revocation of probation. We have considered appellant's two grounds of error and find them to be without merit. We affirm the judgment of the trial court.

In June of 1983, appellant entered a guilty plea to a charge of forgery. Thereafter, appellant was assessed four years probation and ordered to pay a fine and restitution. In July of 1985, the State filed an amended motion to revoke appellant's probation alleging that appellant failed to pay the assessed fine, supervision fee and restitution. The State also asserted appellant had violated probation by failing to report to the probation office.

Because proof of any single violation of a condition of probation is sufficient to support a revocation order, we need only consider whether the record contains sufficient proof of any *one* violation. *O'Neal v. State,* 623 S.W.2d 660 (Tex.Crim.App.1981); *Deal v. State,* 640 S.W.2d 664 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Therefore, for purposes of judicial economy, we will only review the record to determine whether the trial court abused its discretion in determining that appellant violated his probation by failing to report.

As a condition of his probation, appellant was ordered to:

"Report to the Probation officer as directed, not less than once a month; Report to Adult Probation Department, Harris County on July 1, 1983 and once per month and on the same day of each succeeding month until discharged from probation."

Appellant complains on appeal that the foregoing is unenforceable due to vagueness. No issue was raised on this ground during the revocation hearing; therefore, nothing is presented for appellate review. *Craig v. State,* 594 S.W.2d 91, 96 (Tex. Crim.App.1980). However, assuming appellant had preserved error, we find the probation condition is "sufficiently certain" to apprise appellant as to *when* he was to report. *Compare Cardona v. State,* 665 S.W.2d 492, 494–95 (Tex.Crim.App.1984); *Roberson v. State,* 617 S.W.2d 708, 710 (Tex.Crim.App.1981) (Teague, J., dissenting); *Harris v. State,* 608 S.W.2d 229 (Tex. Crim.App.1980).

The evidence is uncontroverted that for a period of twelve months, appellant failed to report to his probation officer. Appellant, however, submits that he was precluded from complying with the court order because beginning in October of 1983, and through June of 1985, the first of the month fell unusually often on a weekend. We find the proffered explanation untenable. Appellant could easily have attempted to reschedule. The trial court did not abuse its discretion in revoking appellant's probation.

The judgment is affirmed.