Orvil John PEAKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-87-00590-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 27, 1991.

Kirby Taylor, Bobbi Blackwell, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Cathy Herasimichuck, Vic Wismer, Asst. Harris Co. Dist. Attys., for appellee.

Before MIRABAL, DUGGAN and O'CONNOR, JJ.

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

MIRABAL, Justice.

The Court of Criminal Appeals has remanded this case for further consideration of appellant's remaining points of error.

*Peake v. State,* 755 S.W.2d 541 (Tex.App.— Houston [1st Dist.] 1988) (*Peake I*), remanded, *Peake v. State,* 792 S.W.2d 456 (Tex.Crim.App.1990) (*Peake II*).[1]

Appellant was convicted by a jury of indecency with a child. TEX.PENAL CODE ANN. § 21.11(a)(1) (Vernon 1989). The jury also assessed his punishment at 12 years confinement and a $5,000 fine. We reverse and remand for a new punishment hearing.

On direct appeal, appellant raised nine points of error. We address appellant's six remaining points of error.

In point of error eight, appellant argues that the trial judge committed reversible error by including an unconstitutional charge, concerning parole law, in his jury instruction at the punishment stage. The instruction was patterned after the jury instruction mandated at the time by TEX. CODE CRIM.P.ANN. art. 37.07, § 4(a).[2] The Texas Court of Criminal Appeals subsequently held the parole charge unconstitutional. *Rose v. State,* 752 S.W.2d 529, 537 (Tex.Crim.App.1987); *see also Gabriel v. State,* 756 S.W.2d 68, 70 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

At trial, appellant did not object to the charge. The *Rose* court, however, held that such a failure does not waive the defendant's right to challenge the constitutionality of the charge upon appeal. *Rose,* 752 S.W.2d at 552 (op. on reh'g). The court also determined that the general harm analysis codified in TEX.R.APP.P. 81(b)(2) is applicable. *Rose,* 752 S.W.2d at 553. The rule states:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contri-

1. This Court, in *Peake I,* addressed only three of appellant's nine points of error. After sustaining appellant's first point, this Court addressed appellant's challenge to the sufficiency of the evidence and the trial court's ruling on his motion to quash the indictment. This Court overruled both of these points, numbers four and nine, neither of which was subject to review by the Court of Criminal Appeals in *Peake II.* The Court of Criminal Appeals reversed this Court

on appellant's first point of error and remanded the case to us for consideration of the remaining points of error.

2. Act of May 26, 1985, 69th Leg., R.S., ch. 576, § 1, 1985 Tex.Gen.Laws 2195, reenacted by Act of May 17, 1989, 71st Leg., R.S., ch. 103, § 1, 1989 Tex.Gen.Laws 442, to be effective upon approval of a constitutional amendment by the voters, which occurred November 7, 1989.

bution to the conviction or to the punishment.

TEX.R.APP.P. 81(b)(2).

■ Some factors to consider in determining whether *"Rose* error" was harmful are: discussion of parole during voir dire, argument of counsel, notes from the jury, sentence assessed, deadly weapon finding, facts of the case, previous convictions, "curative" instructions, and objections to the charge. *Sato v. State,* 797 S.W.2d 37, 38 (Tex.Crim.App.1990). A correlation between a request for probation and a section 4 parole instruction may also be a factor to consider in the harm analysis. *Arnold v. State,* 786 S.W.2d 295, 308 (Tex.Crim.App. 1990). There is no specific weight attached to each factor, nor is the presence or absence of any one factor determinative. *Sato,* 797 S.W.2d at 38.

In the present case, there was no discussion of parole during voir dire, no deadly weapon finding, and no objection to the charge. Other relevant factors, however, are present.

The jury found appellant guilty of indecency with a child, a second degree felony. TEX.PENAL CODE ANN. § 21.11(a)(1) (Vernon 1989). The punishment range was two to 20 years, plus a fine not to exceed $10,000. TEX.PENAL CODE ANN. § 12.33 (Vernon 1974). The jury assessed appellant's punishment at 12 years confinement and a $5,000 fine.

The complainant testified that the first time appellant, her step-father, had sexual contact with her was while she was a passenger in his car on the way to school in 1985. She stated that he touched his hand to her vagina. She said this happened five or six times before she reported it to her school counselor. She stated that, as a result of these incidents, the family sought counseling and she temporarily moved in with her grandparents. Eventually, she returned to live with her family and appellant did not sexually contact her again until December of 1986 or January of 1987. The complainant testified appellant would enter her bedroom at night or early morning while she and the other members of her family were sleeping, and would put his

hand under the blankets, lift her nightgown, and touch her genitals, causing her to awaken. Appellant's defense was that the complainant was fabricating the incidents in retaliation for appellant's disciplinary actions.

Following the instructions regarding parole law, the jury charge set out a curative instruction that provided:

> You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and the Governor of the State of Texas, and must not be considered by you.

*See Rose,* 752 S.W.2d at 554, and *Arnold,* 786 S.W.2d at 311.

After a few introductory remarks, the prosecutor began his closing argument by stating:

> First thing I'd like to share with you, I'd like to reread a small portion of the trial [sic] concerning the law on pardons and parole. *Our law is very restrictive on what I could say.* So, I would like to reread one portion of the trial [sic]; and please, if you have any questions, *please ask the foreman to read the section for you again* under the law applicable in this case.
>
> "If the defendant is sentenced to a term in prison, he will not become eligible for parole until the actual time served plus any good conduct time served equals the sentence imposed."
>
> At first glance, some jurors think it means defendants are eligible for parole after one-third. That's not what it is, *he's eligible. He's eligible—a hypothetical defendant is eligible after actual time served and good time equals a third.* I'll move on from there.

(Emphasis added.)

The prosecutor's opening remark focused the jury's attention on the fact that parole was a factor that reduced any term of years imposed. Telling the jury at the outset that "[o]ur law is very restrictive on what I could say," invited them to listen for subtle nuances and hidden meaning in

what he would say next; telling them to "ask the foreman to read the section for you again," underscored the importance of what was about to be said. What the prosecutor then said was, "[H]e's eligible. He's eligible—a hypothetical defendant is eligible after actual time served and good time equals a third."

The Court of Criminal Appeals has noted that stressing the parole law by argument at a strategic place, such as at the beginning of the State's summation, is likely to cause more harm than a reference in the middle of argument or in the context of a different topic. *Sato*, 797 S.W.2d at 38.

We also consider it relevant that appellant made an application for probation, properly proved up and submitted to the jury in the charge on punishment.

The range of punishment the jury was instructed to consider was confinement for two to 20 years, and a fine not to exceed $10,000. The prosecutor asked the jury to return a sentence of at least 15 years and one day, and the maximum fine. Appellant sought probation, and the jury was instructed that it could recommend probation if it assessed punishment at not more than 10 years confinement.

In closing arguments at the punishment stage, appellant's counsel stressed the fact appellant had served over 31 years in the City of Houston Fire Department, and referred to the testimony of the character witnesses who testified about appellant's good reputation. Appellant's counsel insisted appellant was an excellent candidate for probation. The State focused on appellant's 1976 conviction for misdemeanor assault against the same complainant, the fact appellant went through family counseling in 1985, and the subsequent acts of indecency with the minor complainant that led to appellant's conviction in the present case. The State also stressed "there are two young children he may have access to if he's placed on probation."

At the guilt-innocence stage, the jury deliberated for only one hour before returning a guilty verdict. Deliberations regarding punishment lasted more than 4½ hours, starting at 11:40 a.m. and continuing until 5:25 p.m., with a one-hour lunch break. The jury charge on punishment consisted of four pages, three of which instructed the jury regarding probation and parole laws. Apparently, immediately after the lunch break, the jury sent out three questions to the judge. The questions are not in the record before us, nor can they be found in the trial court's file; we only have the court's response that the jury was to refer to the charge and continue deliberations. After further deliberations for almost 3½ hours, the jury returned a sentence of 12 years confinement and a $5,000 fine.

The Court of Criminal Appeals in *Arnold* acknowledged that, in some cases, a correlation may appear between requested probation and a parole instruction. 786 S.W.2d at 308. Arguably, in the present case, the jury opted for parole over probation after weighing each carefully.

In view of the State's comment on the parole charge during closing argument, the missing three questions from the jury, the appearance of a correlation between requested probation and the parole instruction, and the sentence that was evenly divisible by three, we are unable to conclude beyond a reasonable doubt that the parole instruction was harmless. Thus, TEX. R.APP.P. 81(b)(2) requires that the judgment be partially reversed. We sustain appellant's point of error eight.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. We reverse the judgment only as to the assessment of punishment, and the cause is remanded for a new punishment hearing. TEX.CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1991). In all other respects, we affirm the judgment.