**Homer Allen MARCUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–01567–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 17, 1998.

Rehearing Overruled Oct. 15, 1998.

Discretionary Review Refused Feb. 3, 1999.

David M., Eisen, Houston, Texas, for appellant.

Kevin Patrick, Yeary, Houston, Texas, for appellee.

Panel consists of Chief Justice MURPHY and Justices HUDSON and DRAUGHN.*

---

* Senior Justice Joe L. Draughn sitting by assignment.

## OPINION

JOE L. DRAUGHN, J. (Assigned).

Appellant, Homer Allen Marcum, was charged by indictment with the felony offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon 1987). Appellant pled guilty, and was convicted. The trial court assessed punishment at confinement for ten years in the Texas Department of Criminal Justice, Institutional Division, probated. One of the conditions of appellant's probation was to submit to a polygraph examination every six months. During one such examination, appellant made some oral and written statements regarding sexual assaults of two children since his original conviction. Based on these statements, the State filed a motion to revoke probation. Appellant pled not true to the allegations. Following a revocation hearing, the trial court concluded the allegations in the State's motion were true and revoked appellant's probation. The court then ordered appellant to serve his original ten year sentence. In four points of error, appellant contends (1) the trial court committed reversible error in permitting the State to introduce evidence of his statements made during a polygraph test, (2) the trial court committed reversible error in permitting the State to introduce evidence of his statements made in violation of TEX. CODE CRIM.PROC.ANN. art. 38.22 (Vernon Supp.1997), (3) the trial court abused its discretion in revoking appellant's probation, and (4) the trial court committed reversible error in denying his motion to quash the State's motion to revoke probation. We affirm.

### Jurisdiction

The State claims that we do not have jurisdiction to consider this appeal because appellant did not satisfy the notice requirements of TEX.R.APP.P. 40(b)(1). We disagree. The restrictions of Rule 40(b)(1) do not apply to an appeal of a probation revocation. *See Rojas v. State,* 943 S.W.2d 507, 509 (Tex.App.—Dallas 1997, no pet.) (citing *Whetstone v. State,* 786 S.W.2d 361, 363 (Tex.Crim.App.1990)). The rule's restrictions apply to an appeal from a "plea bargained conviction." *See id.* (citing *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.

1994)). In a probation revocation, the conviction triggering Rule 40(b)(1) occurred at an earlier point when the defendant was found guilty and granted probation. *See Manganello v. State,* 915 S.W.2d 158, 159 (Tex. App.—San Antonio 1996, no pet.). Generally, an appeal from a probation revocation does not include a review of the original conviction, but is limited to the propriety of the revocation. *See Rojas,* 943 S.W.2d at 509. Moreover, the restrictions of Rule 40(b)(1) refer to a "plea of guilty" or "nolo contendere." *See id.* (citing TEX.R.APP.P. 40(b)(1)). In a probation revocation, the defendant pleads "true" or "not true," whether or not a plea bargain exists at the revocation hearing. *See id.* Thus, the rule's restrictions cannot, by their own terms, apply to a probation revocation. *See id.*

In this case, appellant is not appealing his original plea hearing. Instead, he is appealing the admission of evidence at the hearing to revoke his probation. His appeal is therefore limited to the propriety of the revocation. *See id.* The restrictions do not apply to this appeal from an order revoking regular probation. *See id.* Thus, the rule does not deprive us of jurisdiction over appellant's appeal. *See Manganello,* 915 S.W.2d at 159.

### Point of Error One

In his first point of error, appellant claims the trial court committed reversible error in permitting the State to introduce evidence of his statements made during a polygraph examination. Because of their inherent unreliability and tendency to be unduly persuasive, polygraph examination results are inadmissible for any purpose in a criminal proceeding on proper objection. *See Shiflet v. State,* 732 S.W.2d 622, 630 (Tex.Crim. App.1985); *Nethery v. State,* 692 S.W.2d 686, 700 (Tex.Crim.App.1985); *Patteson v. State,* 633 S.W.2d 549, 551 (Tex.App.—Houston [14th Dist.] 1982, no pet.). However, the mere mention of a polygraph examination does not automatically constitute reversible error. *See Peake v. State,* 822 S.W.2d 166, 169 (Tex.App.—Houston [1st Dist.] 1991, no pet.). At the revocation hearing, the State did not offer the results of the polygraph examination. Instead, the State offered ap-

pellant's voluntary statements that were made to the polygraph examiner, John Swartz ("Swartz"), after the examination was completed. The State's motion to revoke appellant's probation is supported by those admissions. Moreover, although appellant signed two written statements which assert that the statements were "part of the polygraph examination," they were not the "results" of the polygraph examination. *See Peake,* 822 S.W.2d at 169. The "result" of a polygraph examination is the conclusion based on the machine's graphic indications as to whether the defendant was lying or telling the truth. *See, e.g., Castillo v. State,* 739 S.W.2d 280, 293 (Tex.Crim.App.1987); *Hoppes v. State,* 725 S.W.2d 532, 536 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Accordingly, point of error one is overruled.

### Point of Error Two

■ In his second point of error, appellant argues the trial court committed reversible error in permitting the State to introduce evidence of his statements made in violation of TEX.CODE CRIM.PROC .ANN. art. 38.22 (Vernon Supp.1997). Article 38.22 requires among other things, giving a defendant *Miranda* warnings before custodial interrogation. *See id.* In determining whether or not a defendant is in custody, the Texas Court of Criminal Appeals noted that the following significant factors should be considered relevant: (1) probable cause to arrest; (2) subjective intent of the police; (3) focus of the investigation; (4) subjective belief of the defendant; and (5) that the defendant was being detained for the arresting officer. *See Dowthitt v. State,* 931 S.W.2d 244, 254–57 (Tex.Crim.App.1996); *Payne v. State,* 579 S.W.2d 932, 933 (Tex.Crim.App.1979).

In this case, appellant was ordered by the court to submit to a polygraph examination every six months as a condition of his probation. Although the examination was a requirement of his probation, appellant was not subjected to custodial interrogation. *See Payne,* 579 S.W.2d at 932–33. This case is similar to a situation where the defendant is ordered by the court to meet regularly with his or her probation officer. *See id.* (holding general questioning by probation officer not

a "custodial" interrogation). In *Payne,* the defendant was ordered to meet with his probation officer every month. *Id.* at 933. During one of those court ordered meetings, the defendant admitted he had committed a theft. *See id.* Then, upon directions from his probation officer, the defendant went to his car and brought the stolen item to the probation office. *See id.* The court of criminal appeals held the defendant was not subjected to custodial interrogation. *See id.*

Similarly, there was no probable cause for appellant's arrest after the completion of the polygraph examination and at the time of his interview with Swartz. There was no apparent intent to arrest appellant because the interview was simply a condition of appellant's probation. Swartz was not a peace officer. There was no evidence appellant believed he was a suspect or under arrest. Moreover, once the polygraph examination was completed, appellant did not have to answer Swartz's questions and he did not have to write down his admissions. The two statements contain the following preface which appellant initialed:

> I wish to voluntarily and freely make the following admission or admissions. I have not been coerced or pressured in any way to make this statement, and no rewards or benefits have been promised to me for doing so.

After this preface, each statement contains appellant's handwritten descriptions of the sexual contact that he had with two children and his signature. Because we conclude that appellant was not subjected to custodial interrogation, *Miranda* warnings were not required under article 38.22. *See Dowthitt,* 931 S.W.2d at 254–257; *Payne,* 579 S.W.2d at 933. Point of error two is overruled.

### Point of Error Three

■ In his third point of error, appellant claims the trial court abused its discretion in revoking his probation because the State failed to prove the allegations in its motion to revoke probation by a preponderance of the evidence. Proof of *any single* violation of a condition of probation is sufficient to support a revocation order, thus we need only consider whether the record con-

tains sufficient proof of any *one* violation. *See Potts v. State,* 709 S.W.2d 12, 13 (Tex. App.—Houston [14th Dist.] 1986, no pet.).

In this case, one condition of appellant's probation was to "[r]eport immediately in person on April 2, 1991 to the Harris County Adult Probation Department Intake Division … and thereafter on the *2nd day of each month* [emphasis ours] to your designated Probation Officer unless different dates within a calender month agreed to by [appellant] and [appellant's] Probation Officer." Appellant's probation supervisor, Kim Ceppi ("Ceppi"), testified appellant was told of the conditions of his probation. Moreover, Ceppi testified the conditions of appellant's probation were amended, and she explained the amendments to him. Appellant appeared to understand the amended conditions and signed the conditions of probation. Further, based on the probation records, Ceppi testified appellant failed to report to his probation officer as instructed for the month of June 1993. Because the record contains sufficient proof of any *one* violation of a condition of probation, we find the trial court did not abuse its discretion in revoking appellant's probation. *See id.* Thus, point of error three is overruled.

### Point of Error Four

In his fourth point of error, appellant contends the trial court committed reversible error in failing to grant his motion to quash the State's motion to revoke probation. Specifically, appellant argues that the State's motion is defective in a number of allegations because the allegations failed to notify him of the complainants' identities, the dates of the alleged offenses, and the offenses he committed. Further, appellant complains that the condition of his probation requiring that he have no contact with anyone under the age of seventeen was unconstitutionally vague and broad. The State argues that this point of error is multifarious; nonetheless, we will consider it. *See Bell v.*

*Texas Dep't of Criminal Justice–Institutional Div.,* 962 S.W.2d 156, 158 n. 1 (Tex.App.— Houston [14th Dist.] 1998, no pet.).[1]

#### A. Waiver

Errors in a motion to revoke probation must be pointed out to the trial court in a timely motion to quash. *See Rodriguez v. State,* 951 S.W.2d 199, 204 (Tex.App.— Corpus Christi 1997, no pet.) (citing *Longoria v. State,* 624 S.W.2d 582, 584 (Tex.Crim. App.1981)). In the absence of such motion, error, if any, is waived. *See Gordon v.. State,* 575 S.W.2d 529, 531 (Tex.Crim.App. [Panel Op.] 1978). As no jurisdictional issue is involved, the question of the sufficiency of a motion to revoke probation cannot be raised for the first time on appeal, even though the motion is in fact defective. *See Rodriguez,* 951 S.W.2d at 204 (citing *Martinez v. State,* 493 S.W.2d 954, 955 (Tex.Crim. App.1973)). The court looks to the motion to revoke probation, not the capias or arrest warrant, to determine what allegations are made as the basis of the revocation hearing. *See id.* (citing *Garcia v. State,* 453 S.W.2d 822, 823 (Tex.Crim.App.1970)). As long as the motion provides adequate notice of the charges alleged, fundamental notions of fairness are satisfied, despite flaws in the motion. *See Labelle v. State,* 720 S.W.2d 101, 108–09 (Tex.Crim.App.1986). In this case, appellant's motion to quash does not state that the State's motion is defective because the allegations failed to notify him of the dates of the alleged offenses, and the offenses he committed. *See Gordon,* 575 S.W.2d at 531. Thus, he has waived any error. *See id.*

#### B. Sufficiency of Notice: Failure to Notify of Complainants' Identities

Moreover, a motion to revoke probation is only required to give the defendant adequate notice of the violation asserted in order to meet minimum due process re-

---

1. A point of error that embraces more than one specific ground of error is multifarious. *See Bell,* 962 S.W.2d at 158. If a point of error is multifarious, we could refuse to review it. *See id.* However, we may consider multifarious points of error if we can determine, with reasonable cer-

tainty, the alleged error about which complaint is made. *See id.* Because we are able to determine the errors about which appellant complains, we will, in the interest of justice, consider his complaints. *See id.*

quirements; the defendant must be given fair notice upon which he or she may prepare a defense. *See Labelle*, 720 S.W.2d at 108. The determination of whether reversible error has occurred is a three part test: (1) we must decide whether the motion to revoke is lacking in some requisite item of notice, and if so, (2) we next decide whether in the context of the case this had an impact on the defendant's ability to prepare a defense, and finally, (3) the extent of any such impact. *See id.* In making these determinations, the entire record may be reviewed for prejudice to the defendant's substantial rights. *See id.*

In this case, appellant argues that the State's motion to revoke probation did not state the identity of the complainants, and thus, hindered his ability to prepare a defense. The first issue we must address is whether the motion to revoke probation failed to convey some requisite item of "notice." The State's motion identified the complainants as "an unnamed thirteen year old female" and "Dwayne LNU, his nephew." In his written statements given to Swartz, appellant identified the complainants whom he sexually assaulted as "a 13 year old girl" whose name he could not recall and "my nephew Dwain." Because the State's motion identified the complainants exactly as appellant identified them in his statements, the State's motion gave appellant adequate notice of the identities of the complainants. Since the first part of the test is met, we need not address the other two parts of the test.

## C. Condition of Probation

 Appellant challenges the constitutionality of condition "u" of his probation which provides that he "is to have no contact [with] anyone under the age of 17." He argues that this condition is unreasonable because it would be impossible in Harris County to not have contact with anyone under the age of seventeen. Further, he argues this condition is unlawful because it is unconstitutionally vague and broad. The trial court has wide discretion in selecting conditions of probation, but they must be reasonably related to the treatment of the probationer and the protection of the gener-

al public. *See Fielder v. State*, 811 S.W.2d 131, 134 (Tex.Crim.App.1991). Specifically, a condition of probation is invalid if it has all three of the following characteristics: (1) it has no relationship to the crime; (2) it relates to conduct that is not in itself criminal; and (3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation. *See Lacy v. State*, 875 S.W.2d 3, 5 (Tex.App.—Tyler 1994, pet. ref'd); *Simpson v. State*, 772 S.W.2d 276, 280–81 (Tex.App.—Amarillo 1989, no pet.).

While having contact with anyone under seventeen is not in and of itself a crime, this condition does have both a reasonable relationship to the crime and to appellant's future criminality. Appellant's original conviction was for the aggravated assault of a child, and condition "u" of his probation which prevents him from having contact with anyone under the age of seventeen is directly related to the offense for which he was convicted. Furthermore, the condition complained of is reasonably related to the future criminality of appellant. By prohibiting him from having contact with children, the condition's goal was to make it less likely that in the future, appellant would sexually assault children. Moreover, as shown by appellant's written statements admitting he had sexual contact with two children, the trial court's original decision to include this condition was reasonable; the condition had a reasonable relationship to the treatment of appellant and the protection of the public. Because the inclusion of condition "u" in the conditions of appellant's probation was not unreasonable, point of error four is overruled.

The judgment of the trial court is affirmed.