ACCEPTED
01-15-00324-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/12/2015 1:52:40 PM
CHRISTOPHER PRINE
CLERK

## Nos. 01-15-00324-CR & 01-15-00325-CR

In the
Court of Appeals
For the
First Judicial District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

11/12/2015 1:52:40 PM

CHRISTOPHER A. PRINE
Clerk

———————◆———————

## Nos. 1297213 & 1297213

In the 248th District Court of
Harris County, Texas

———————◆———————

### ASTIN CHAVERS CLARK
*Appellant*

v.

### THE STATE OF TEXAS
*Appellee*

———————◆———————

STATE'S APPELLATE BRIEF

———————◆———————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**CARLY DESSAUER**
Assistant District Attorney

**ANDREA MOSELEY**
Assistant District Attorney

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: (713) 274-5826
Fax No.: 713/755-5809

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 9.4(g) and Texas Rule of Appellate Procedure 39.1, the State requests oral argument only if appellant requests oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Carly Dessauer** — Assistant District Attorney on appeal

**Andrea Moseley** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Astin Chavers Clark**

Counsel for Appellant:

**Allison Secrest** — Attorney on appeal

**Kyle B. Johnson** — Attorney at trial

Trial Judge:

**Hon. Katherine Cabaniss**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ..................................................... ii

IDENTIFICATION OF THE PARTIES ........................................................... ii

TABLE OF AUTHORITIES ............................................................................. v

STATEMENT OF THE CASE .......................................................................... 1

STATEMENT OF FACTS ................................................................................ 1

SUMMARY OF THE ARGUMENTS.................................................................. 3

REPLY TO APPELLANT'S POINT OF ERROR ........................................... 4

I.  The trial court did not err when it allowed the State to admit appellant's
    statements over appellant's *Miranda* and Fifth Amendment objections. ................... 4

    a.  Reviewing courts employ an abuse of discretion standard when
        determining whether a trial court erred when revoking a defendant's
        probation or when admitting evidence. ................................................ 5

    b.  The Fifth Amendment provides protection for probationers against self-
        incrimination in future criminal proceedings, but a probationer generally
        must invoke his Fifth Amendment right against self-incrimination or
        courts will not consider his statement compelled. .................................. 5

    c.  The trial court did not abuse its discretion as appellant cannot use his
        Fifth Amendment right against self-incrimination from criminal
        prosecution as a blanket to exclude statements regarding his probation
        status. ............................................................................................ 8

    d.  The trial court did not abuse its discretion because appellant failed to
        timely invoke his right against self-incrimination. ................................. 9

        i.  Appellant's Fifth Amendment right was not self-executing as he was
            not subjected to custodial interrogation when he made his
            statements.................................................................................. 10

iii

ii. Appellant's Fifth Amendment right was not self-executing as he was not subjected to the "classic penalty situation" when he made his statements..................................................................................................... 13

e. Even if the trial court erred in admitting appellant's statements, the error was harmless as appellant pleaded true to multiple violations of his probation. ............................................................................................................ 14

CONCLUSION ............................................................................................................ 17

CERTIFICATE OF COMPLIANCE ........................................................................ 18

CERTIFICATE OF SERVICE .................................................................................. 19

# TABLE OF AUTHORITIES

**CASES**

*Canseco v. State*,
199 S.W.3d 437 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) ........................... 5

*Casey v. State*,
215 S.W.3d 870 (Tex. Crim. App. 2007) .................................................................. 5

*Chapman v. State*,
115 S.W.3d 1 (Tex. Crim. App. 2003) .................................... 3, 6, 7, 8, 9, 10, 14

*Dansby v. State*,
398 S.W.3d 233 (Tex. Crim. App. 2013) ................................. 5, 6, 8, 9, 15, 16

*Dowthitt v. State*,
931 S.W.2d 244 (Tex. Crim. App. 1996) ....................................................... 12

*Ex parte Dangelo*,
339 S.W.3d 143 (Tex. App.—Fort Worth 2010),
*aff'd*, 376 S.W.3d 776 (Tex. Crim. App. 2014) ............................................... 9

*Ex parte Renfro*,
999 S.W.2d 557 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ....................... 8, 12

*Gardner v. State*,
306 S.W.3d 274 (Tex. Crim. App. 2009) ............................................... 10, 11

*Herrera v. State*,
241 S.W.3d 520 (Tex. Crim. App. 2007) .................................................... 10

*In re A.M.*,
333 S.W.3d 411 (Tex. App.—Eastland 2011, pet. denied) ....................... 12

*In re Medina*,
No. WR-75,835-02, 2015 WL 6722175
(Tex. Crim. App. Nov. 4, 2015) ....................................................... 6, 8, 9

*Leonard v. State*,
385 S.W.3d 570 (Tex. Crim. App. 2012) ................................................ 5, 15

*Marcum v. State*,
983 S.W.2d 762 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) ................ 11, 12

*Minnesota v. Murphy*,
465 U.S. 420 (1984) .......................................................... 5, 6, 7, 8, 9, 10, 13

*Miranda v. Arizona*,
   384 U.S. 436 (1966).............................................................................7, 10

*Nickerson v. State*,
   No. 01-14-00096-CR, 2015 WL 3982025
   (Tex. App.—Houston [1st Dist.] June 30, 2015, no pet.)....................................10, 11

*Wilkerson v. State*,
   173 S.W.3d 521 (Tex. Crim. App. 2005) ................................................................7, 11

## RULES

TEX. R. APP. P. 38.2(a)(1)(A) ............................................................................. ii

TEX. R. APP. P. 39.1........................................................................................... ii

TEX. R. APP. P. 44.2(b)..................................................................................... 15

TEX. R. APP. P. 9.4(g) ........................................................................................ ii

TEX. R. APP. P. 9.4(i). ...................................................................................... 18

## CONSTITUTIONAL PROVISIONS

U.S. CONST. amend. V ........................................................................................ 5

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with burglary of a habitation in cause numbers 1296861 and 1297213 (1296861 CR at 13; 1297213 CR at 11). He entered a plea of guilty, but the court deferred his adjudicated for six years (1296861 CR at 28-29, 36-37; 1297213 CR at 24-25, 33-34). The State filed several motions to adjudicate appellant's offenses because of violations to the terms of his probation, and a hearing was held (1296861 CR at 67-68, 75-76, 100-103, 108-111; 1297213 CR at 66-67, 73-74, 99-101, 106-08; 1 RR).[1] Appellant pleaded true to numerous allegations but pleaded not true to four allegations in the State's Third Amended Motion to Adjudicate (1296861 CR at 117-18; 1297213 CR at 114-15; 1 RR at 7-23). The court found that appellant violated numerous conditions of his probation and sentenced him to confinement for twenty-five years in prison for each offense (1296861 CR at 117-18; 1297213 CR at 114-15; 1 RR at 43-44, 61). The court certified appellant's right to appeal, and appellant filed a timely notice of appeal (1296861 CR at 120-22; 1297213 CR at 117-19).

## STATEMENT OF FACTS

Appellant was serving six years' probation as a condition of his deferred adjudication (1296861 CR at 36-37; 1297213 CR at 33-34). Among the terms of his probation, appellant was required to avoid persons or places of disreputable or

---

[1] While appellant was on deferred adjudication community supervision, the State will refer to his community supervision as "probation."

1

harmful character, pay court costs and supervision fees, participate in sex offender treatment and comply with all program rules, regulations, and guidelines until successfully discharged or released, have no contact with any minor except if permitted by the court, have no access to the internet through any manner or method for any reasoning, including to view, receive, download, transmit, or possess pornographic material on any computer, and not possess pornographic software images or material (1296861 CR at 38-65; 1297213 CR at 35-64). The court has also ordered appellant to submit to polygraph examinations if directed to by his probation officer, and on October 3, 2014, appellant was interviewed by polygraph examiner Ronald Russell regarding his compliance with the terms of his probation (1296861 CR at 39, 44, 49, 54, 59, 64, ; 1297213 CR at 37, 42, 47, 52, 57, 62; 1 RR at 24, 25).

In a pre-polygraph questionnaire and interview, appellant admitted committing multiple violations of his probation to Russell (State's Ex. 1, 3). After taking the polygraph exam, appellant volunteered to write a statement in which he further explained several incidents of conduct that violated his probation (State's Ex. 2).

The State filed a motion to adjudicate appellant's guilt alleging multiple violations of his probation as appellant admitted to Russell (1296861 CR at 108-111; 1297213 CR at 106-08). At the hearing on the motion, appellant pleaded true to violating multiple conditions of his probation but pleaded not true to the allegation that he exposed his penis to a minor, that he watched and talked to a girl at a park, and that he used his phone to access internet maps and music (1 RR at 7-23).

2

The State attempted to admit appellant's pre-polygraph questionnaire, Russell's video of the pre-polygraph interview with appellant, and appellant's post-polygraph written statement (1 RR at 26; State's Ex. 1, 2, 3).[2] Appellant objected, arguing that the statements violated *Miranda* and his Fifth Amendment right (1 RR at 27). The trial court overruled his objection (1 RR at 27).

## SUMMARY OF THE ARGUMENTS

The trial court did not err in finding appellant's statements admissible over his objection that they violated his Fifth Amendment right. While a probationer like appellant does not lose his Fifth Amendment right upon conviction, both the United States Supreme Court and Court of Criminal Appeals have held that questions relating to probation conditions do not implicate the Fifth Amendment as long as that threat of revocation does not coerce the probationer to reveal information that could be used in a future criminal proceeding.

Further, even if the Fifth Amendment applied, appellant waived his right to not incriminate himself by failing to invoke its protection when making his pre and post polygraph statements. Because the Fifth Amendment is not a "self-executing" right, and appellant did not invoke his right before making his statements, the trial court did not err in finding them admissible. *Chapman v. State*, 115 S.W.3d 1, 6 (Tex. Crim. App. 2003).

---

[2] The State did not offer the polygraph examination (1 RR at 28).

3

Additionally, even if appellant had not waived his Fifth Amendment right, the trial court would not have abused its discretion in finding appellant's statements admissible despite the fact that Russel did not give appellant his *Miranda* warnings. As appellant was not subjected to custodial interrogation, Russel did not need to inform appellant of his rights before interviewing him.

## REPLY TO APPELLANT'S POINT OF ERROR

**I. The trial court did not err when it allowed the State to admit appellant's statements over appellant's *Miranda* and Fifth Amendment objections.**

In his brief, appellant argues that the trial court committed reversible error by allowing the State to introduce evidence of appellant's statements over his *Miranda* and Fifth Amendment objections. Appellant claims that the court abused its discretion by admitting the statements which he alleges were made as a result of custodial interrogation and which violated his right not to be compelled to be a witness against himself. In making this argument, appellant overlooks that his statements do not implicate the Fifth Amendment as they involve the conditions of his probation, that he failed to timely assert his Fifth Amendment right, and that his statement was not given as a result of custodial interrogation. As such, the trial court did not abuse its discretion in finding his statement admissible and did not err in its ruling.

4

a. **Reviewing courts employ an abuse of discretion standard when determining whether a trial court erred when revoking a defendant's probation or when admitting evidence.**

In a revocation proceeding, the trial court has the discretion to revoke a defendant's probation when a preponderance of the evidence supports at least one of the State's allegations that the defendant violated a condition of his community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012).

Similarly, a trial court has discretion when determining the admissibility of evidence. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). An abuse of discretion occurs when the trial court's decision is so clearly wrong as to lie outside that zone within which reasonable people might disagree. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

*Applicable Law*

b. **The Fifth Amendment provides protection for probationers against self-incrimination in future criminal proceedings, but a probationer generally must invoke his Fifth Amendment right against self-incrimination or courts will not consider his statement compelled.**

Under the Fifth Amendment, no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V; *see Minnesota v. Murphy*, 465 U.S. 420, 426 (1984); *Dansby v. State*, 398 S.W.3d 233, 239 (Tex. Crim. App. 2013). "It is a fundamental tenet of Texas and federal constitutional jurisprudence that every person has the right to avoid self-incrimination by exercising the privilege provided

him by the Fifth Amendment and the Texas Constitution." *Chapman*, 115 S.W.3d at 5.

As both the Supreme Court and Texas Court of Criminal Appeals have recognized, a person may choose to invoke his right to remain silent and "not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *In re Medina*, No. WR-75,835-02, 2015 WL 6722175, at *5 (Tex. Crim. App. Nov. 4, 2015) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)); *Chapman*, 115 S.W.3d at 5 (noting that "[t]he privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites"). Similarly, both Courts have held that the Fifth Amendment insulates probationers from compelled self-incrimination regarding future criminal prosecutions, *Murphy*, 465 U.S. at 426, and that the State may "not constitutionally carry out a threat to revoke probation for the legitimate exercise of the Fifth Amendment privilege." *Dansby*, 398 S.W.3d at 240 (quoting *Murphy*, 465 U.S. at 426); *see also Chapman*, 115 S.W.3d at 6.

However, the right "against compelled self-incrimination is not ordinarily self-executing" as a person must claim his Fifth Amendment right or he will not be considered to have been compelled to incriminate himself. *Chapman*, 115 S.W.3d at 6 (quoting *Murphy*, 465 U.S. at 427-28). With few exceptions to this general rule, a person must timely invoke his Fifth Amendment right to obtain its protections or be

barred from claiming that his statement was compelled. *Murphy*, 465 U.S. at 428–29; *Chapman*, 115 S.W.3d at 6.

Among the exceptions, a defendant does not need to invoke his right when subject to custodial interrogation by law enforcement when he does not first knowingly and voluntarily waive his privilege against self-incrimination. *Murphy,* 465 U.S. at 429-30; *see Miranda v. Arizona*, 384 U.S. 436, 475 (1966). As the Supreme Court recognized in *Miranda v. Arizona*, the inherent compulsion of custodial surroundings require special safeguards as "the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Miranda*, 384 U.S. at 467; *see Wilkerson v. State*, 173 S.W.3d 521, 526-27 (Tex. Crim. App. 2005). Thus, unless a defendant is given *Miranda* warnings before waiving his rights during a custodial interrogation, his statement is inadmissible. *Murphy*, 465 U.S. at 430; *Miranda*, 384 U.S. at 475.

Additionally, a defendant does not have to invoke his Fifth Amendment right against self-incrimination when faced with a "classic penalty situation." *Murphy,* 465 U.S. at 434-35; *Chapman*, 115 S.W.3d at 6. In the classic penalty situation, a defendant is threatens with punishment for asserting his privilege against self-incrimination, thereby depriving him of his choice to refuse to answer. *Chapman*, 115 S.W.3d at 6. In such cases, the Fifth Amendment right against self-incrimination is self-executing, and

7

the statements a defendant makes are deemed compelled and thus inadmissible in criminal prosecution. *Murphy,* 465 U.S. at 434-35; *Chapman*, 115 S.W.3d at 6-7.

***Analysis***

**c. The trial court did not abuse its discretion as appellant cannot use his Fifth Amendment right against self-incrimination from criminal prosecution as a blanket to exclude statements regarding his probation status.**

The trial court did not err when it found appellant's statements to be admissible over his *Miranda* and Fifth Amendment objection. The court did not abuse its discretion because the Fifth Amendment was not implicated when the State admitted appellant's statement made before and after Russell's polygraph examination regarding appellant's adherence to the conditions of his probation. *See Ex parte Renfro*, 999 S.W.2d 557, 561 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that "the mere requirement" that Renfro undergo polygraph examinations as a condition of his probation did not infringe upon his right against self-incrimination).

As both the Supreme Court and Court of Criminal Appeals have recognized, when a probationer has been convicted of a crime, he does not lose his Fifth Amendment protection, but the focus of that right shifts away from the crime that has resulted in conviction to protection from future criminal prosecution. *Murphy*, 465 U.S. at 426; *Medina*, 2015 WL 6722175, at \*6. The Fifth Amendment does not prevent a probationer from being compelled "to appear and give testimony about matters relevant to his probationary status." *Dansby*, 398 S.W.3d at 240 (quoting

8

*Murphy*, 465 U.S. at 436). Significantly, the Court of Criminal Appeals recently reiterated that "questions relating to probation conditions rather than criminal acts would not implicate the Fifth Amendment provided the threat of revocation did not coerce the probationer to reveal information that could be used in a future criminal proceeding." *Medina*, 2015 WL 6722175, at *6. Thus, to the extent that Russell questioned appellant about possible probation violations, appellant's Fifth Amendment right against self-incrimination from future criminal prosecution was not implicated. *See Ex parte Dangelo*, 339 S.W.3d 143, 151 (Tex. App.—Fort Worth 2010), *aff'd*, 376 S.W.3d 776 (Tex. Crim. App. 2014). As such, the trial court did not abuse its discretion.

### d. The trial court did not abuse its discretion because appellant failed to timely invoke his right against self-incrimination.

Additionally, the trial court did not abuse its discretion because appellant failed to timely invoke his Fifth Amendment right. As the holdings in *Murphy* and *Chapman* recognize, the right against self-incrimination is generally not "self-executing." *Murphy*, 465 U.S. at 427-29; *Chapman*, 115 S.W.3d at 6. Therefore appellant needed to invoke his Fifth Amendment protection to enjoy its benefits. *See Dansby*, 398 S.W.3d at 234 (stating that Dansby invoked his Fifth Amendment right not to answer questions about other possible crimes). As State's Exhibits 2 and 3 establish, appellant did not inform Russell that he wished to invoke his right against self-incrimination when facing questions that could expose him to future criminal

9

prosecution (State's Ex. 2, 3). Because appellant failed to timely invoke his Fifth Amendment right, he is barred from claiming that his statement was compelled. *Murphy*, 465 U.S. at 428–29; *Chapman*, 115 S.W.3d at 6.

### i. Appellant's Fifth Amendment right was not self-executing as he was not subjected to custodial interrogation when he made his statements.

While appellant does not address the fact that he waived his Fifth Amendment protection by failing to invoke it, his argument regarding Russell's lack of *Miranda* warnings does not alleviate the requirement that appellant invoke his right. This is because appellant was not subjected to custodial interrogation by Russell's pre and post polygraph interview.

*Miranda* warnings are not needed unless a person is subject to custodial interrogation. *See Murphy*, 465 U.S. at 430; *Miranda*, 384 U.S. at 475. To determine if a person was in custody and if *Miranda* warnings were needed before interrogation occurred, courts consider whether the person was physically deprived of his freedom in a significant way, whether a law enforcement officer told the person that he was not free to leave, whether law enforcement officers created a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and whether law enforcement officers had probable cause to arrest the person. *Gardner v. State*, 306 S.W.3d 274, 294 (Tex. Crim. App. 2009); *Nickerson v. State*, No. 01-14-00096-CR, 2015 WL 3982025, at *4 (Tex. App.—Houston [1st Dist.] June 30, 2015, no pet.); *see Herrera v. State*, 241 S.W.3d 520, 525 (Tex. Crim. App. 2007)

10

("The Supreme Court has defined 'custodial interrogation' as 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'"). None of these facts apply to appellant's case.

Appellant was not physically deprived of his freedom of movement in any way, as State's Exhibit 3 shows (State's Ex. 3). *See Gardner*, 306 S.W.3d at 294); *Nickerson*, 2015 WL 3982025, at *4. He was not interacting with law enforcement officers, as Russell was not a peace officer or acting as the agent of an officer. *See Wilkerson*, 173 S.W.3d at 527-28 (noting that *Miranda* only applies to custodial interrogation conducted by law enforcement officers or their agents); *see also Marcum v. State*, 983 S.W.2d 762, 766 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding that Marcum was not subject to custodial interrogation because his polygraph examiner was not a peace officer). Appellant was free to leave at any time, and was not in a situation that would have led a reasonable person to believe his freedom of movement had been significantly restricted. *See Gardner*, 306 S.W.3d at 294); *Nickerson*, 2015 WL 3982025, at *4. Most importantly, appellant was not under arrest when he made his statements, and no probable cause existed to arrest appellant. *Id.*

Additionally, appellant submitted to the polygraph examination as a court ordered condition of his probation but was not required to give his pre or post polygraph statements. *See Marcum*, 983 S.W.2d at 766 (holding that since Marcum was required by the court to take polygraph tests as a condition of his probation, he was

11

not subjected to custodial interrogation); *see also Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996) (noting that "custody does not occur merely because [a] suspect submits to and fails a polygraph test"). Indeed, several Courts of Appeals have held that requiring a probationer to submit to a polygraph examination does not subject him to custodial interrogation, even when that probationer admits to committing other crimes during his interview. *In re A.M.*, 333 S.W.3d 411, 416-17 (Tex. App.—Eastland 2011, pet. denied) (holding that A.M. was not subject to custodial interrogation during pre-polygraph interview in which A.M. admitted to sexually abusing his sister); *Renfro*, 999 S.W.2d at 561 (holding that no *Miranda* warnings were needed when the polygraph required for Renfro's probation was used to investigate Renfro's compliance with the terms of his probation); *Marcum*, 983 S.W.2d at 766 (holding that Marcum was not subject to custodial interrogation when making a statement to a polygraph examiner about two crimes he had committed).

Appellant's case is almost identical that that addressed by the Fourteenth Court of Appeals in *Marcum v. State*. Marcum was on probation and admitted to sexually abusing two children during a post-polygraph interview. *Marcum*, 983 S.W.2d at 765, 766. When the State admitted his statement at a hearing to revoke his probation, Marcum argued that the statement was inadmissible because he had not received *Miranda* warnings. *Id.* at 766. In rejecting his argument, the Court held that since the polygraph examination was a requirement of Marcum's probation, since there was no probable cause to arrest Marcum even after he made his statement, since there was

"no apparent intent to arrest [Marcum] because the interview was simply a condition of [his] probation," and since the examiner was not a peace officer, Marcum was not subject to custodial interrogation and *Miranda* warnings were not required. *Id.*

Like Marcum, appellant was not in custody when he made his pre and post-polygraph statements. As such, Russell did not need to give appellant *Miranda* warnings, and the trial court did not abuse its discretion in overruling his *Miranda* objection.

### ii. Appellant's Fifth Amendment right was not self-executing as he was not subjected to the "classic penalty situation" when he made his statements.

While appellant does not directly mention the other situation in which a defendant's Fifth Amendment right against self-incrimination would be self-executing, he does argue that as taking polygraph examinations was a condition of his probation, his pre and post-polygraph statements were compelled. Appellant's Br. 16-17. When appellant argues that he could have believed that he had no choice but to honestly answer Russell's questions, appellant casts his dilemma as a situation that mirrors the "classic penalty situation." However, both the Supreme Court and Court of Criminal Appeals have distinguished the "classic penalty situation" from the situation of a probationer being required to honestly answer questions regarding his probation status or have his probation revoked. *Murphy*, 465 U.S. at 427-28 (holding that the condition of community supervision that required Murphy to report to his probation

13

officer and be truthful did not convert his statements into compelled self-incrimination nor place Murphy in a worse position than an ordinary witness who is compelled to appear and tell the truth under "the pain of contempt"); *Chapman*, 115 S.W.3d at 6, 7 ("[T]he normal probation conditions, such as a stipulation that the probationer appear and discuss matters that affect his probationary status, does not relieve him of the responsibility to assert his privilege if he fears that his answers may incriminate him.").

Because the requirement that appellant undergo polygraph examinations regarding his probationary status did not relieve him of the responsibility to assert his right against self-incrimination if he feared that his answers may incriminate him, appellant's Fifth Amendment right was not self-executing and he had to invoke it or else be barred from claiming that his statements were compelled. *See Chapman*, 115 S.W.3d at 7. As such, his answers were not compelled and appellant waived his right to invoke his Fifth Amendment right. Therefore, the trial court did not abuse its discretion in overruling his objection, and this Court should uphold appellant's conviction.

### e. Even if the trial court erred in admitting appellant's statements, the error was harmless as appellant pleaded true to multiple violations of his probation.

Assuming for the sake of argument that the trial court did err when it allowed the State to admit the evidence of appellant's pre and post-polygraph statements, the

14

error was harmless. As the trial court could have revoke appellant's probation on the basis of the multiple violations that appellant pleaded true, this Court can determine beyond a reasonable doubt that the alleged error did not contribute to appellant's revocation. *See* TEX. R. APP. P. 44.2(b) ("If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment."); *see also Leonard*, 385 S.W.3d at 576.

This Court can determine that any error in admitting appellant's statements was harmless because the trial court was authorized to revoke appellant's probation as along as the State established at least one of the violations it alleged. *See Dansby*, 398 S.W.3d at 241 (stating that "a revocation may stand on appeal so long as the evidence supports a finding that at least one of the conditions of community supervision was violated" and "it must demonstrate from the record that the one violation upon which it relies on appeal is supportable *independent* of whatever constitutional taint arguably inheres in the other"). Appellant pleaded true to multiple violations alleged (RR at 7-23, 43-44).

As the record establishes, before the State put on any evidence, appellant pleaded true to the allegations in paragraphs number one through fourteen and seventeen through nineteen for cause number 1296861 and one through seven and nine through twelve for cause number 1297213 (RR at 7-23). Thus, there are multiple

15

violations supported by appellant's pleas that are independent from the "constitutional taint" he argues about on appeal. *Dansby*, 398 S.W.3d at 241. As the record supports the trial court's decision revoking appellant's probation, appellant was not harmed by the admission of his statements.

Because the trial court could revoke appellant's probation on the basis of his pleas of true alone, this record allows this Court to determine beyond a reasonable doubt that if the trial court erred by allowing the evidence of his statements to be admitted over appellant's *Miranda* and Fifth Amendment objections, the error did not contribute to appellant's revocation. As such, this Court should overrule appellant's sole point of error and affirm his conviction.

# CONCLUSION

The State of Texas respectfully urges the Court to overrule appellant's point of error and affirm his conviction.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 274-5826
State Bar No. 24069083
dessauer_carly@dao.hctx.net
curry_alan@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 3,685 words, based upon the representation provided by the word processing program that was used to create the document. TEX. R. APP. P. 9.4(i).

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 274-5826
State Bar No. 24069083

## CERTIFICATE OF SERVICE

The State will serve a copy of the foregoing instrument to appellant's attorney

though TexFile:

Allison Secrest
Attorney at Law
808 Travis Street, 24th Floor
Houston, Texas 77010
Allison@allisonsecrestlaw.com

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 274-5826
State Bar No. 24069083

Date:  November 12, 2015

19