

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00252-CR
No. 07-21-00253-CR
_____

VICENTE PEREZ PUENTES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 67,734-D & 70,296-D, Honorable Pamela Sirmon, Presiding

October 14, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Vicente Perez Puentes,[1] appeals from two final judgments. Each arose from the trial court's decision to revoke his community supervision, adjudicate him guilty, and convict him of the underlying charges. The charge in Cause Number 067734-D

---

[1] Appellant's name in the judgment of Cause Number 067734-D is spelled "Vincente."

consisted of possessing a controlled substance, while that in Number 070296-D was aggravated assault with a deadly weapon. Through one issue, he seeks reversal of both convictions, contending that the State's respective motions to revoke his community supervision failed to provide to him sufficient notice of the condition of community supervision he allegedly violated. We affirm.

As expressed in the State's motion to adjudicate guilt, appellant allegedly violated the terms of his community supervision by committing "the offense of PROSTITUTION on or about March 6, 2021 in Potter County, Texas . . . ." He characterizes the allegation as providing him insufficient notice of the charge levied against him in the motion. Yet, he first urged that on appeal. Nothing was said below.

Non-jurisdictional errors in a motion to revoke community supervision must be pointed out to the trial court via a motion to quash. *Ware v. State*, No. 06-19-00181-CR, 2020 Tex. App. LEXIS 1104, at *4-5 (Tex. App.—Texarkana Feb. 10, 2020, no pet.) (mem. op., not designated for publication) (quoting *Marcum v. State*, 983 S.W.2d 762 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd)). In the absence of such motion, the purported defects are waived. *Id.* Defects subject to waiver include those pertaining to whether the motion provided insufficient notice of the allegations warranting the adjudication of guilt. *Id.* Again, appellant failed to urge before the trial court his complaint about the inadequacy of notice via a motion to quash or otherwise. Thus, the matter was unpreserved for review and, therefore, waived. *Id.*; *McCain v. State*, No. 02-16-00446-CR, 2018 Tex. App. LEXIS 382, at *4-6 (Tex. App.—Fort Worth Jan. 11, 2018, no pet.) (mem. op., not designated for publication) (involving a like claim and finding it waived due to the absence of a motion to quash).

Next, appellant suggests that if the foregoing complaint was waived, then his trial attorney provided him ineffective assistance of counsel. As we said, the complaint was waived due to non-preservation. So, the condition upon which his allegation about counsel being ineffective came to pass. Yet, the burden lies with one averring ineffective assistance to establish both defective assistance and prejudice. *Peake v. State*, 133 S.W.3d 332, 334 (Tex. App.—Amarillo 2004, pet. ref'd). And, if, for instance, he fails to brief the topic of prejudice, that results in the loss of his claim. *Id.; accord, Armendariz v. State*, No. 11-18-00361-CR, 2021 Tex. App. LEXIS 4869, at *11-12 (Tex. App.—Eastland June 17, 2021 pet. ref'd) (mem. op., not designated for publication) (stating that the failure to brief both prongs of the ineffective assistance test has been deemed to be a waiver of the claim); *Sanchez v. State*, No. 02-02-16-00383-CR, 2018 Tex. App. LEXIS 2981, at *11-12 (Tex. App.—Fort Worth April 26, 2018, pet. ref'd) (mem. op., not designated for publication) (rejecting an ineffective assistance claim because Sanchez provided neither argument, analysis, explanation, nor citation to authorities showing how any of his counsel's alleged deficiencies prejudiced him). At bar, appellant provided neither argument nor authority on the element of prejudice. Thus, he waived his claim of ineffective assistance.

In reviewing the records of both appeals, we note that each Bill of Costs entered after judgment include a $25 "time payment fee." "The pendency of an appeal stops the clock for purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Consequently, the fees are premature, and we strike them "in their entirety, without prejudice to them being assessed later if, more than 30 days after the

issuance of the appellate mandate, the [appellant] has failed to completely pay any fine, court costs, or restitution that he owes." *See Dulin*, 620 S.W.3d at 133.

We overrule appellant's issue, redact the "time payment fee" from each bill of costs, and affirm the judgments.

Brian Quinn
Chief Justice

Do not publish.